<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4687**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ISMAEL OCEGUEDA-GONZALEZ, a/k/a Ismael Ozequeda-Gonzalez,
a/k/a Ismael Gonzalez-Ocegueda, a/k/a Arnoldo Pineda-Orkeda,
a/k/a Mario Hernandez,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:15-cr-00030-NCT-1)

Submitted:  July 21, 2016         Decided:  July 25, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Lisa Blue Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismael Ocegueda-Gonzalez pled guilty, pursuant to a plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and the district court sentenced him to 51 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Ocegueda-Gonzalez's sentence is reasonable. Ocegueda-Gonzalez was advised of his right to file a supplemental brief, but he has not done so. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. Only after determining that a sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence

that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript revealed no procedural sentencing errors, and we conclude that Ocegueda-Gonzalez has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Ocegueda-Gonzalez, in writing, of his right to petition the Supreme Court of the United States for further review.  If Ocegueda-Gonzalez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ocegueda-Gonzalez.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3